UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL MARTIN,

                Plaintiff,

v.

DEAN MASON, *et al.*,

                Defendants.

CASE NO. C24-6020-TMC-SKV

REPORT AND RECOMMENDATION

Plaintiff Michael Martin is currently in the custody of the Washington Department of Corrections ("DOC") and is confined at the Coyote Ridge Corrections Center in Connell, Washington. On December 12, 2024, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983, together with an application to proceed with this action *in forma pauperis* ("IFP"). Dkts. 1, 1-1. The IFP application was accompanied by the requisite DOC prison trust account statement, a document which provides a snapshot of a prisoner's financial condition over a sixth month period. Plaintiff's DOC prison trust account statement showed that between March 31, 2024 and September 30, 2024, he had average monthly receipts of $173.56 and an average spendable balance of $1091.80. *See* Dkt. 1 at 4.

Because it appeared Plaintiff had sufficient funds to pay the filing fee for this civil rights action, this Court, on December 30, 2024, issued an Order directing Plaintiff to show cause why

REPORT AND RECOMMENDATION
PAGE - 1

his IFP application should not be denied. Dkt. 4. Plaintiff was advised therein that he may, in the alternative, pay the $405 filing fee by the deadline established for filing a response to the Order to Show Cause. *Id*. at 2. On January 30, 2025, the Court received a timely response from Plaintiff to the Order to Show Cause in which he offers various arguments as to why he should be granted leave to proceed with this action IFP.

Plaintiff first points to a Washington court rule governing determinations of indigency in state court proceedings, and he asserts that he "meets this standard by a lot." *See* Dkt. 5 at 1 (citing Rule 34(a)(3), Washington Rules of General Application). However, state court rules do not apply to actions brought in federal court, and this Court has no obligation to conform its IFP determination to the state standard.

Plaintiff next notes that he submitted an IFP application in an action filed in this Court in January 2023, *Martin v. Schultz*, C23-5039-TMC[1], and that application was approved. *Id*. Plaintiff maintains that his "financial conditions remain virtually unchanged since that filing" and he asserts that the approval of his prior application "set a precedent" that his "dire financial conditions" qualify him for IFP status. *Id*. However, the fact that Plaintiff was previously granted IFP status by another judge of this Court does not bind the undersigned to issue a similar ruling. Moreover, the Court observes that in the prior action Plaintiff references, approximately a week after being granted leave to proceed IFP Plaintiff paid the filing fee in full. *See Martin*, C23-5039-TMC, Dkt. 4 and Dkt. Entry dated 01/30/2023. This suggests that Plaintiff's financial condition then, as now, was sufficient to pay the filing fee.

---

[1] The case was originally assigned case number C23-5039-BHS-BAT, but the case was subsequently reassigned.

Plaintiff also cites to "rampant inflation" and to the fact that he recently filed another case which will require another filing fee as reasons he should not be required to pay the full filing fee at the outset of this case. Dkt. 5 at 2. However, neither of these is a persuasive reason to grant Plaintiff leave to proceed IFP here.

Finally, Plaintiff argues that it is not reasonable to force him to give up 40 percent of his assets "up front" when he is clearly indigent, or to require that he pay the filing fee when he has liabilities that are "roughly 60 times his account balance." *Id*. However, the fact that Plaintiff may prefer not to give up a significant portion of his account balance to pay the filing fee is not a reason to grant him IFP status. In addition, while Plaintiff reports on his IFP application that he has some outstanding debt, he does not indicate that he is currently paying down that debt. The fact that Plaintiff may have financial obligations to meet at some future date, presumably after he is released from custody, does not alter the fact that he can currently afford to pay the filing fee.

Accordingly, this Court recommends that Plaintiff's application to proceed IFP (Dkt. 1) be DENIED. This action should proceed only if Plaintiff pays the $405.00 filing fee within ***thirty (30) days*** after entry of the Court's Order adopting this Report and Recommendation. If no filing fee is paid within thirty days of the Court's Order, the Clerk should close the file.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 13, 2025**.

DATED this 20th day of February, 2025.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4